IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Octavius Cline, ) | Civil Action No.: 6:10-cv-02273-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden of FCI-Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241. This matter is now before the court with the [Docket Entry 13] Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald[1] filed on September 20, 2010. In his R & R, the Magistrate Judge recommended that the "§ 2241 petition in the above-captioned case [should] be dismissed *without prejudice* and without requiring the respondent to file a return." R & R at 4. Petitioner timely filed objections to the R & R on October 4, 2010.[2] *See* Obj. [Docket Entry 15].

**Background**

On September 22, 2004, Petitioner was convicted, pursuant to a jury's verdict, of conspiracy to distribute or possess with intent to distribute crack cocaine. *See United States v. Octavius S. Cline, a/k/a Toby*, Cr. No.: 6:02-cr-01358-HMH-12. On January 13, 2005, United States District Judge Henry M. Herlong, Jr., sentenced Petitioner to a 360-month term to be followed by ten years of

---

[1] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (D.S.C.).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

supervised release. On direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. *See United States v. Cline*, 169 F. App'x 759 (4th Cir. 2006).

Petitioner has previously filed two unsuccessful motions pursuant to 28 U.S.C. § 2255. *See* Civil Action Nos.: 6:07-cv-70092-HMH & 6:09-cv-70104-HMH, both of which are docketed in Petitioner's closed criminal case. Judge Herlong summarily dismissed the first § 2255 motion on August 30, 2007. Thereafter, the Fourth Circuit dismissed Petitioner's appeal and the United States Supreme Court denied discretionary appellate review. *See United States v. Cline*, 279 F. App'x 229 (4th Cir. 2008), *cert. denied Cline v. United States*, 129 S. Ct. 963 (2009). Judge Herlong denied Petitioner's second § 2255 motion on November 2, 2009. Thereafter, the Fourth Circuit dismissed the appeal in the second § 2255 action. *See United States v. Cline*, 372 F. App'x 374 (4th Cir. 2010).

On August 26, 2010,[3] Petitioner filed the current § 2241 petition, contending he is actually innocent of a predicate offense that was used to enhance his federal sentence as a career offender.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo*

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266.

review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, __ F.3d __, 2010 WL 3474802, at *3 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). However, when "§ 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to . . . § 2241[]." *Vial*, 115 F.3d at 1194 (citing 28 U.S.C. § 2255).

The Fourth Circuit has set forth the circumstances in which a § 2241 petition may be used to attack the legality of a conviction. Specifically, § 2255 is inadequate or ineffective, and § 2241 may be utilized, when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Importantly, however, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a

§ 2255 motion . . . ." *Vial*, 115 F.3d at 1194 n.5; *see also Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

In the case at bar, Petitioner argues that he received an improper sentence, asserting that he is "actually innocent" of being a career offender. *See* § 2241 Petition [Docket Entry 1] at 5; *see generally* Memo. in Support [Docket Entry 1-4]. Because Petitioner attacks the validity of his sentence, his claim is the type that normally should be brought under § 2255. Accordingly, as the Magistrate Judge correctly stated, Petitioner's "§ 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective." R & R at 3. After review, the court agrees with the Magistrate Judge that Petitioner has not made such a showing.

First, the fact that Petitioner did not prevail in either of his two previous § 2255 actions does not mean that the potential relief under § 2255 was inadequate or ineffective, but rather that he was simply not entitled to it. *See Vial*, 115 F.3d at 1194 n.5.

Second, Petitioner admits that he cannot meet the standard as set forth in the *Jones* case. Specifically, Petitioner stated the following in his objections: "Cline cannot satisfy the exact standard announced in Jones. In particular, Cline cannot meet the second prong of the Jones standard because he cannot point to any substantive change in the law that made the elements of the career offender application non-criminal." Obj. at 3.

Third and finally, while Petitioner asserts that he is entitled to relief under the "savings clause" of § 2255 as he is now allegedly "actually innocent" of the career offender status, that claim is "facially inadequate to require consideration." *Brown v. Rivera*, No. 9:08-cv-3177-PMD-BM, 2009 WL 960212, at *3 (D.S.C. April 7, 2009). "Fourth Circuit precedent has . . . not extended the

reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Jones*, 226 F.3d at 333-34 (outlining the circumstances in which "§ 2255 is inadequate and ineffective to test the legality of a *conviction*") (emphasis added). By his own admission, Petitioner is not challenging his conviction, but only his sentence.[4] *See* Obj. at 6 ("Cline does not argue that [he] is innocent of the instant offense of conviction. Cline argues that he is actually innocent of the predicate offense that was relied on by the district court in determining that he was a career offender."). Petitioner has not alleged any new evidence, unavailable at the time of conviction, which undermines the validity of his criminal *conviction* for conspiracy to distribute crack cocaine.

In sum, as the Magistrate Judge correctly concluded, "[P]etitioner's claim is insufficient to invoke the savings clause embodied in § 2255, and as such, he is barred from proceeding with this habeas corpus action under § 2241." R & R at 4.

### Conclusion

The court has thoroughly reviewed the R & R, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the R & R of the Magistrate Judge. Accordingly, Petitioner's § 2241 Petition in the above-captioned case is hereby **DISMISSED** *without prejudice* and without requiring the respondent to file a return.

---

[4] The court notes that Petitioner's claim relies, in large part, upon the case of *Poole v. Dotson*, 469 F. Supp. 2d 329 (D. Md. 2007). However, that case was reversed by the Fourth Circuit on the Government's appeal. *See United States v. Poole*, 531 F.3d 263. As discussed above, the Fourth Circuit in that case pointed out that "Fourth Circuit precedent ha[d] likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." *Id.* at 267 n.4. Therefore, to the extent Petitioner is relying upon the district court's decision in *Poole*, this reliance fails.

5

**IT IS SO ORDERED**.

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
October 20, 2010